IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK A. PHILLIPS, | § | |
| | § | No. 424, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1211014542 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 21, 2016
Decided: June 20, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 20th day of June 2016, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    The appellant, Mark A. Phillips, filed this appeal from the Superior Court's denial of his motion for postconviction relief. Phillips' Postconviction Counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel states that he provided Phillips with a copy of the motion to withdraw, the brief in draft form, and a letter explaining that Phillips had a right

to send him written points that would be included in the brief filed with the Court. Postconviction Counsel also represents that Phillips did not respond to the letter and did not submit written points for the Court's consideration. The State has responded to the position taken by Postconviction Counsel and has moved to affirm the Superior Court's judgment. We find no merit to Phillips' appeal. Accordingly, we affirm.

(2) The record reflects that Phillips was indicted in January 2013 on charges of Attempted Murder in the First Degree, Robbery in the First Degree, Conspiracy in the Second Degree, Possession of a Deadly Weapon by a Person Prohibited ("PDWBPP"), and two counts of Possession of a Firearm during the Commission of a Felony ("PFDCF"). On April 9, 2013, with the assistance of his trial counsel, Phillips pled guilty to Assault in the First Degree, as a lesser included offense of attempted murder, PDWBPP, and one count of PFDCF. On June 28, 2013, after a presentence investigation, the Superior Court sentenced Phillips to a total of forty-three years at Level V suspended after twenty years for one year at Level IV work release followed by probation. Phillips did not appeal his conviction or sentence.

(3) On June 25, 2014, Phillips filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61. Phillips claimed that his trial counsel "misrepresented the plea" and that, but for trial counsel's actions, Phillips

2

would have received a plea bargain for seven years and "would not have received the far more harsh plea for twenty years."

(4) The Superior Court appointed counsel to represent Phillips and directed Postconviction Counsel to file any necessary amendments to Phillips' *pro se* motion for postconviction relief. Postconviction Counsel informed the court that amendments to the motion were not necessary. Thereafter, as directed by the court, Phillips' trial counsel filed an affidavit in response to the allegations of ineffective assistance of counsel and the State filed a response to the motion.

(5) By order dated July 23, 2015, the Superior Court denied the motion for postconviction relief as without merit. This appeal followed.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(7) In this case, after careful consideration of the record, and in the absence of any claims of error, we conclude that the Superior Court's denial of

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson v. Ohio*, 488 U.S. at 81.

3

Phillips' motion for postconviction relief should be affirmed. Phillips' claim of ineffective counsel is belied by the record. Phillips was offered a guilty plea to three charges with a sentencing range of five to fifty-eight years. Phillips knew that he faced a maximum sentence of fifty-eight years and understood that the sentence he received would be determined by the court. In the truth-in-sentencing guilty plea form and during the plea colloquy, Phillips indicated that he was satisfied with his trial counsel's representation.

(8) Phillips' appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Postconviction Counsel made a review of the record and the law and properly determined that Phillips could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

4